COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


PEGGY C. JONES

                                    MEMORANDUM OPINION[*]
v.    Record No. 1736-99-3              PER CURIAM
                                     SEPTEMBER 5, 2000
VIRGINIA RETIREMENT SYSTEM


              FROM THE CIRCUIT COURT OF GILES COUNTY
                      Colin R. Gibb, Judge

          (Roger W. Rutherford; Wolfe & Farmer, on
          brief), for appellant.

          (Mark L. Earley, Attorney General; Michael K.
          Jackson, Senior Assistant Attorney General;
          Brian J. Goodman, Assistant Attorney General,
          on brief), for appellee.


     Peggy Jones appeals an order of the trial court affirming a

decision by the Virginia Retirement System (VRS) denying her claim

for permanent disability retirement benefits.  She contends that

the trial court erred in finding substantial evidence to support

VRS's finding that she failed to prove permanent physical or

psychological disability.  Upon reviewing the records and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the trial court's

judgment.  See Rule 5A:27.

--------------------------------------------------

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

In accordance with well established principles, we view the evidence in the light most favorable to VRS, the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the evidence established that Jones worked as a food operations assistant in the Virginia Polytechnic Institute and State University cafeteria for twenty-four years.  Her job duties entailed lifting trays and serving food, requiring that she be able to bend, stand, and sit.  She last worked in that capacity on October 2, 1996.

On November 10, 1995, Jones, then age forty-two, filed an application with VRS seeking permanent disability retirement benefits.  She alleged that she had back surgery in 1979 and could no longer perform her job due to arthritis in her back.  Dr. C.L. Boatwright, who has treated Jones since 1991 for persistent low back pain, opined that based upon "the longstanding difficulty and with belief in the patient's accurate description of her discomfort and with her failure to respond to conservative treatment, I believe that she is permanently disabled."

At the Medical Review Board's request, Dr. Morris E. McCrary, III, a neurosurgeon, performed an independent neurological consultation with Jones.  After reviewing Jones's medical records and examining her, Dr. McCrary reported as follows:

-

> Mrs. Jones has a fairly normal
> objective neurological examination.  She
> complains of symptoms which sound like
> musculoskeletal spasm.  I reviewed the CT
> scan and did not find evidence for
> compression of the neural elements, and I
> think this is consistent with her exam.  The
> subjective components of the neurologic
> examination that are positive are the
> sensory findings, so these do not appear
> associated with a single radicular
> distribution.  I think she probably thinks
> she may have some musculoskeletal
> complaints, but that these are probably
> still best treated with conservative
> measures of exercise and muscle
> anti-spasmodics.  At present, I do not find
> evidence for dysfunction or disability that
> would place limitations on her activities
> nor permanently prevent her from performing
> the job duties as described for a food
> operations assistant at Virginia Tech.

The Board reviewed Dr. Boatwright's opinion and Dr. McCrary's opinion and recommended that the application be denied.  By letter dated February 22, 1996, VRS denied Jones's application for permanent disability benefits.  Jones appealed that decision to the VRS for review.

On appeal, Jones submitted additional medical records from Dr. Boatwright, including his February 13, 1996 office notes, which reported as follows:  "[Jones] does have a chronic low back condition with degenerative joint disease.  Past history of disc surgery and some bulging discs by x-rays.  She thinks that she cannot work any longer than 4 hours because of excruciating back pain.  There is no definite radiation of the pain into her legs."  On March 18, 1996, Dr. Boatwright noted that although

-

Dr. Siegel advised Jones to have physical therapy, she "does not want to do this, saying it will not do any good."  Relying upon the Board's recommendation and Dr. McCrary's opinion, VRS denied Jones's application.  VRS noted that the additional evidence submitted by Jones did not reveal evidence of a permanently disabling condition.  Jones appealed that decision, requesting an informal fact finding hearing.

At the hearing, Jones described her back symptoms and the limitations they have placed upon her life.  Jones also submitted an April 23, 1996 report from Dr. James Vascik, a neurosurgeon who examined Jones upon referral from Dr. Boatwright.  In an April 23, 1996 letter to Dr. Boatwright, Dr. Vascik reported the following:

> [Jones] is of the opinion that she just can't work and wanted to know what she could do about her back pain.  Other than to stay active and exercise, I have nothing further to offer.  I told her she should also follow the recommendation of Dr. Siegel and yourself to participate in a formal therapy program and to be taught a home program.  However, to be certain there is nothing going on that the CT does not show, I am going to get an MRI and an EMG and nerve conduction velocity.

The MRI was normal except for some minor scar tissue from Jones's previous surgery.  Dr. Vascik did not see a ruptured disc or any pressure on the nerve roots.  The EMG study was normal, showing no evidence of any permanent nerve damage.

-

In a January 14, 1997 evaluation, Dr. Boatwright noted that "[t]his patient has been seen by multiple specialists and has had some physiotherapy.  All of this is without relief.  I have difficulty correlating the degree of her pain and disability with the physical findings . . . .  I would suggest that an unbiased orthopedic specialist fully evaluate this patient."

In addition to these medical records, Dr. Philip B. Robertson reported his findings based upon a January 10, 1997 independent psychiatric evaluation.  Dr. Robertson diagnosed Jones as suffering from adjustment disorder with mixed anxiety and depressed mood and pain disorder associated with both psychological factors and a general medical condition.  Dr. Robertson opined that Jones's "present psychiatric impairments are a contributing factor to her disability but by themselves would not preclude her functioning in some occupational capacity."

Dr. Kenneth W. Gray, an orthopedist, reviewed Jones's medical records, examined her upon VRS's request, and reported as follows:

> It is my impression that this patient is probably permanently disabled from doing any type of productive work activity based on her history and her inability to work for well over a year.  This on clinical examination, however, we see no objective findings which would indicate a reason why this patient was not able to perform normal work activities and/or activities of daily living. . . .  This appears to be primarily myofascial. . . .  [T]his far down the line,

-

the patient probably would need more
extensive pain clinic type setting and more
extensive rehabilitation to get her back to
work activities. . . .

. . . [W]e see no objective findings
which would prevent her from strengthening
her back and return back to a normal
activities of daily living and normal work
activities . . . . Specifically, this
appears to be a fairly minimal injury. The
type of work activity that she has described
appears to be reasonably light.

After the informal fact finding conference, the hearing officer issued a written opinion rejecting Dr. Boatwright's opinion and relying upon the medical records and findings of Drs. McCrary, Vascik, Robertson, and Gray. Finding that Jones was not permanently disabled, the hearing officer noted that "[o]bjective studies and diagnosis by [the] other doctors do not support Dr. Boatwright's finding of permanent disability."

On June 9, 1997, VRS issued its final case decision denying Jones's application. Jones appealed that decision to the trial court. On September 30, 1999, the trial court held that substantial evidence in the record supported VRS's denial of benefits and affirmed VRS's decision. Jones appealed that judgment to this Court.

## Standard of Review

"The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court." Code § 9-6.14:17. VRS is required to use a Medical Review Board to certify that a claimant's disability "is

-

likely to be permanent."  Code § 51.1-156(E)(ii).  Our review of this determination concerns whether substantial evidence in the agency record supports the holding of the administrative agency.  See Code § 9-6.14:17.  "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (citation omitted).

Applying the applicable standards of review to the record made before the VRS, we hold that VRS, as fact finder, was entitled to reject Dr. Boatwright's opinion and to give more probative weight to the medical records and opinions of Drs. McCrary, Gray, Vascik and Robertson.  "The appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  The VRS's resolution of conflicting medical opinions is a factual determination.  See Johnson v. Virginia Retirement System, 30 Va. App. 104, 111, 515 S.E.2d 784, 788 (1999) ("observ[ing] that '[t]he deference that we give to the [agency's] fact finding on medical questions is based upon the "unwisdom of an attempt by . . . [courts] uninitiated into the mysteries [of the medical science debate] to choose between conflicting expert medical opinions."'").  None of Jones's doctors found any objective basis or explanation for the severity of her

-

subjective symptoms.  Guided by the "substantial evidence"
standard of review, we hold that the medical reports and opinions
of Drs. McCrary, Gray, Vascik, and Robertson, when considered with
the entire record, are sufficient to support VRS's decision.
Thus, the trial court did not err in affirming VRS's denial of
permanent disability retirement benefits to Jones.

For these reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>

-